UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RIDGEWAY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>J. DOERER,<br><br>　　　　Defendant. | No. 1:24-cv-01180 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING MATTER BE DISMISSED FOR FAILURE TO PROSECUTE AND FOR FAILURE TO OBEY COURT ORDERS<br><br>(ECF Nos. 2, 4)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

　　　　Plaintiff, a federal inmate proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to prosecute and for failure to obey court orders. Plaintiff will be given fourteen days to file objections to this order.

I.　　RELEVANT PROCEDURAL HISTORY

　　　　A.　First Order to Submit Amended Complaint, Filing Fee or IFP Application

　　　　On September 18, 2024, Plaintiff's complaint was docketed on a different magistrate

1

judge's calendar.  ECF No. 1 at 1.  The complaint named thirteen Plaintiffs as litigants, purportedly as a "class action" lawsuit.  ECF No. 1 at 1.

On October 3, 2024, the previously assigned Magistrate Judge severed the matter.  ECF No. 2.  At that time, the Magistrate Judge ordered plaintiff to submit a signed complaint and an in forma pauperis application (or pay the filing fees) in Plaintiff's own respective case.  Id. at 7-9.  Plaintiff was sent new complaint form and an in forma pauperis application (ECF Nos. 2-1. 2-2), and was given forty-five days to comply with the Magistrate's order.  ECF No. 2 at 9.  The same day, the instant matter was transferred to the undersigned.

### B.  Second Order Directing Plaintiff to Show Cause

More than forty-five days passed and Plaintiff did not respond to the Court's order.  As a result, on December 13, 2024, Plaintiff was ordered to show cause why this matter should not be dismissed.  ECF No. 4.  As an alternative to filing the showing of cause, Plaintiff was given the option of filing a signed complaint with his own case number on it and a completed application to proceed in forma pauperis (or pay the filing fee in full) as he had been previously ordered to do.  Id. at 2.  At that time, Plaintiff was cautioned that failure to comply with the order within the time allotted might result in a recommendation that this matter be dismissed.  Id.

To date, Plaintiff has not responded to any of the Court's orders, nor has he filed extension of time requests to do so.  He has not responded to the Court's orders in any way.

## II.   APPLICABLE LAW

### A.  Federal Rule of Civil Procedure 41(b) and Local Rule 110

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order.  See Fed. R. Civ. P. 41(b).  Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order.  L.R. 110.

### B.  Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order.  It writes:

2

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

### III.   DISCUSSION

#### A.   Rule 41(b) and Local Rule 110 Support Dismissal of This Case

The fact that Plaintiff has failed either to pay the filing fee in full or to file an in forma pauperis application along with a six-month prison trust fund account statement, as well as the fact that he has failed to respond to the Court's order to show cause warrants dismissal of this matter, in accord with Rule 41(b). This inaction on Plaintiff's part also warrants the imposition of sanctions in the form of dismissal of this case, consistent with Local Rule 110.

#### B.   Application of Malone Factors Supports the Dismissal of This Case

##### 1.   Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time to pay the filing fee in full or to file an in forma pauperis application along with a six-month prison trust fund account statement, as well as to respond to the Court's order to show cause. Yet, he has failed to do either, nor has he contacted the Court to provide an exceptional reason for not having done so.

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

3

1   Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted).  Thus, it follows that
2   keeping this case on the Court's docket when Plaintiff has not even met the threshold requirement
3   of addressing the filing fee issue in this case (after having been given multiple opportunities to do
4   so) is not a good use of the Court's already taxed resources.  Indeed, keeping this matter on the
5   Court's docket would stall a quicker disposition of this case.  Additionally, in fairness to the
6   many other litigants who currently have cases before the Court, no additional time should be
7   spent on this matter, irrespective of any action Plaintiff might take after the issuance of this order.

### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, they have not put time and effort into defending against it.  As a result, there will be no prejudice to them if the matter is dismissed.  On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has allowed this case to sit idle on the Court's docket for almost five months post-filing, there is no less drastic option than dismissal.  Without Plaintiff having either paid the filing fee or filed an in forma pauperis application along with his six-month prison trust fund account statement, this matter cannot be prosecuted, nor can it be disposed of on its merits.

## IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule 110, and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to prosecute and for failure to obey court orders.  Plaintiff shall be given fourteen days to file objections to this order.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice for failure to prosecute and for failure to obey court orders.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations. A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **February 25, 2025**                      **/s/ Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE